UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anne C. Barthel, | Civil No. 08-858 (JMR/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jason Hansen, Maria Hansen, Raymond Gottwalt, The Ordway Group, LLC, and Countrywide Home Loans, d/b/a America's Wholesale Lender, | |
| Defendants. | |

_____

Nicholas P. Slade for Plaintiff.
Steven W. Hance for Defendants Jason Hansen, Maria Hansen, Raymond Gottwalt and the Ordway Group.
Michael E. Kreun for Defendant Countrywide Home Mortgage.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on August 29, 2008 on Defendants Jason Hansen and Maria Hansen's Motion for Declaratory Judgment and Partial Summary Judgment [#16]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends the motion [#16] be **DENIED**.

**I.     FINDINGS OF FACT**

In early 2005, Plaintiff defaulted on her mortgage. As of July 29, 2005, she had an unpaid balance of between $142,000 and $145,000. (Affidavit of Raymond Gottwalt ¶ 7; Compl. ¶¶ 13-14.) Around this time, she began looking for help in keeping her home and was eventually put in touch with Defendants Raymond Gottwalt and the Ordway Group (hereinafter referred to as "Defendant Consultants"). (Compl. ¶ 15.) On June 22, 2005, Plaintiff entered into a Foreclosure Consultant

Agreement with the Ordway Group, LLC. (Gottwalt Affidavit Ex. B.) Defendant Consultants arranged a contract for deed which would allow Plaintiff to remain in her home. (Gottwalt Aff. ¶ 8.) Under the contract for deed, Defendants Jason and Maria Hansen agreed to purchase Plaintiff's house for its appraised value of $240,000 and then sell it back to Plaintiff. Ms. Barthel was to make $1,799.30 monthly payments for 18 months and then a balloon payment of the outstanding balance at the end of the 18 months. (Gottwalt Aff. ¶¶ 4, 12.)

When the Hansens purchased Plaintiff's home, the Hansens put $46,332.00 in cash down and took out a $199,933.80 bank loan. (Gottwalt Aff. at Ex. H.) With the borrowed money, the Hansens paid off the Plaintiff's $144,688.65 mortgage. $14,387.40 went into escrow for Anne Barthel's monthly loan payments of $1,799.30 to the Hansons. (Gottwalt Aff. Ex. F; Compl. ¶ 36.) $9,000 in cash went to Anne Barthel. Ordway received a fee of $9,985.00 for facilitating the deal. (Gottwalt Aff. ¶ 6.) The Hansens received an investors' fee of $10,785.00 (Gottwalt Aff. ¶ 6.) Mr. Gottwalt stated in his affidavit that all of the other disbursements at the closing covered out of pocket costs associated with the transaction and those costs are reflected in the HUD-1 Settlement Statement. (Gottwalt Aff. ¶ 6; Ex. H.)

At the end of the 18-month period, Ms. Barthel was unable to refinance and obtain a traditional loan. (Gottwalt Aff. ¶ 13.) She was therefore unable to make the balloon payment to the Hansens but she did continue to make monthly payments for a number of months. Ms. Barthel then failed to make monthly payments for March, September, October, November and December of 2007. (Gottwalt Aff. ¶ 15.) On or about January 29, 2008, the Hansens provided Ms. Barthel with a Notice of Cancellation of a Contract for Deed. (Gottwalt Aff. ¶ 16; Ex. M.)

Ms. Barthel filed this lawsuit on March 25, 2008. (Dkt. #1.) Plaintiff claims are as follows:

(1) request for a declaration that the transaction between the parties was an equitable mortgage; (2) violations of the Truth in Lending Act and the Home Owner's Equity Protection Act; (3) violations of the foreclosure consultant statute (Minn. Stat. § 325N.01-09); (4) request for recission of the foreclosure consultant statute; (5) violation of foreclosure purchaser statute (Minn. Stat. § 325N.10-.18); (6) request for recission of the foreclosure purchaser contract; (7) violation of the Consumer Fraud Act; (8) violation fo the Uniform Deceptive Trade Practices Act; (9) "Plaintiff's Cause Under Minn. Stat. § 8.31; (10) unjust enrichment; (11) "unconscionability"; and (12) common law fraud.

In this Motion for Declaratory and Partial Summary Judgment, Defendants Jason and Maria Hansen seek a declaration that they are entitled to possession of the property. They seek an order granting them summary judgment to the extent Plaintiff's claims assert a continued right of possession. Finally, they seek a preemptive lift on a stay on any subsequent eviction action.

## II.   STANDARD OF REVIEW

### A.   Summary Judgment Standard.

According to Federal Rule of Civil Procedure Rule 56, summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In order to determine whether a certain fact is material, " it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248 (1986). Summary judgment will not be granted "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The inquiry performed is the threshold inquiry of determining whether . . . there are any

genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id*. at 250.

When determining whether to grant a motion for summary judgment, a court must view all of the facts in the light most favorable to the non-moving party and give the non-moving party the benefit of all reasonable inferences that can be drawn from those facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). When the moving party brings forth a proper summary judgment motion, the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ.P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c).").

### B. Declaratory Judgment Standard.

In a case of actual controversy, a court may "declare the rights and other legal relations of any interested party seeking such a declaration whether or not further relief is or could be sought." 28 U.S.C. § 2201. An "actual controversy" exists between parties where: "there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Caldwell v. Gurley Refining Co.*, 755 F.2d 645, 649 (8th Cir.1985) (quoting *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). In this case, the parties dispute who is entitled to possession of the property and seek to have that issue resolved through this litigation. The request for declaratory judgment has therefore been properly brought before the Court.

**III.   LEGAL ANALYSIS**

The Hansens claim that they are entitled to possession of the home under Minnesota Statutes §§ 559.21-559.211 because Ms. Barthel failed to cure her default and failed to move for injunctive relief during the statutory redemption period.[1]

Neither party addresses the impact of Plaintiff's claims under Minnesota Statute § 325N on this motion.  § 325N sets forth the legal parameters for the purchase of homes out of foreclosure which are sold back to the foreclosed home-owner on a contract for deed.  Plaintiff alleges that the Hansens are Foreclosure Purchasers under the statute and that they violated the statute in a number of ways.

The remedies provided in § 325N are those available under Minn. Stat. § 8.31, subd. 3(a), which include damages and "other equitable relief as determined by the court."  Equitable relief could include possession of the home in this instance.

The Hansens urge the Court to follow the court's holding in *Wilkinson v. Ordway Group, LLC, et al.*, 2007 WL 3037319 (D. Minn., Oct. 16, 2007).  In *Wilkinson*, the defendants purchased the plaintiffs' home out of foreclosure and sold it back to the plaintiffs on a contract for deed. When plaintiffs defaulted on the contract for deed, they signed an extension of the contract in which the parties "[e]xpressly acknowledge[d] that neither party intend[ed] to bring a claim against one another" and "[h]ereby release[d] any existing claims." *Id.* at *1.  The contract extension also stated that "[b]oth parties are advised to seek legal counsel pertaining to this agreement." *Id.*  The court dismissed all of plaintiff's claims against defendants - including

---

[1] Minnesota Statute § 559.21 sets forth the procedure for cancelling a contract that conveys real estate if the buyer defaults.

claims under Minn. Stat. § 325N - because plaintiffs had released all of their claims in the extension contract. The court further concluded that because there were no claims remaining against defendants, they were entitled to possession of the house under Minnesota Statute § 559.21 and that a stay on eviction proceedings should be preemptively lifted.

In this case, Plaintiff did not sign an extension of the contract releasing any claims she may have against the Defendants and indeed, she has made a number of claims against Defendants which currently survive, including one under § 325N. Because the remedies available under § 352N include possession of the home, the court concludes it is inappropriate at this time to declare the Hansens are entitled to possession of the property and to grant summary judgment on plaintiff's claims to the extent they assert a right of possession. It is further inappropriate to grant a preemptive lift on a stay in any subsequent eviction action. The Hansens' motion must be denied.

## IV.    RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants Jason Hansen and Maria Hansen's Motion for Declaratory Judgment and Partial Summary Judgment [#16] be **DENIED**.


DATED: February 6, 2009                    *S/ Franklin L. Noel*
                                           FRANKLIN L. NOEL
                                           United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with

the Clerk of Court and serving on all parties, on or before **February 26, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **February 26, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.